UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES SINGLETON,

                    Plaintiff,

                                              <u>ORDER</u>
          -against-                          11-CV-2772(JS)(ETB)

VINCENT DeMARCO, SHERIFF OF
SUFFOLK COUNTY, individually and
official capacity, and GEORGE B.
ALEXANDER, Chairman of Parole Division,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Petitioner:     James Singleton, <u>Pro</u> <u>Se</u>
                    Suffolk County Correctional Facility
                    100 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearances

SEYBERT, District Judge:

          On June 8, 2011, incarcerated <u>pro</u> <u>se</u> plaintiff, James

Singleton, ("Plaintiff") filed a Complaint in this Court pursuant

to 42 U.S.C. § 1983 seeking to overturn his sentence of "four years

to life" entered on July 26, 1989 following his June 28, 1989

conviction on one count of Criminal Sale of a Controlled Substance

in the Second Degree.   Plaintiff claims that his sentence is

"illegal" because, in 2005, the "Rockerfeller [sic] Drug Law" was

passed and "plaintiff is part of the Rockerfeller [sic] Drug Law."

(Compl. at ¶ IV).   The defendants, Vincent F. DeMarco, the Sheriff

of Suffolk County, and George B. Alexander, the Chairman of the

Parole Division (together, "Defendants"), are named in the caption,

but are not addressed in the Complaint.

Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the application, the Court finds that Plaintiff's financial status, as detailed in Plaintiff's supporting declaration, qualifies Plaintiff to file his Complaint without prepayment of the Court's filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b).

## DISCUSSION

### I. Application of the Prison Litigation Reform Act ("PLRA")

The PLRA, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B) (i-iii); 28 U.S.C. § 1915A(a)&(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197,

167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

A.  Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RMM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylaq, 188 F.3d 51, 53 (2d Cir. 1999)).

Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a

separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In addition, in order to state a claim for relief under Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ascroft v. Iqbal, 129 S. Ct. 1937, 1948-49, 173 L. Ed. 2d 868 (2009); see also Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See, e.g., Johnson v. Barney, 360 F. App'x 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010).

Here, Plaintiff claims that his due process rights were violated by the Defendants. The gravamen of Plaintiff's claim is that his sentence is illegal, and thus he seeks inter alia, his release from incarceration. Such relief cannot be provided by this Court under Section 1983 and Plaintiff's exclusive remedy is to bring a petition for a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Plaintiff is cautioned that, as a prerequisite to habeas corpus relief under 28 U.S.C. § 2254, all available state remedies must be exhausted, 28 U.S.C. § 2254(b)(1)(A). Further,

habeas relief is governed by a one-year statute of limitations 28 U.S.C. § 2244(d) that requires a petition to be filed within one year of the expiration of the time within which to file a writ of certiorari. The Court makes no finding here on these preliminary, threshold issues should Plaintiff pursue habeas relief.

Moreover, the Complaint is wholly devoid of allegations of any wrongful conduct attributable to the Defendants and it appears that Plaintiff seeks to hold these individuals liable solely because they hold high positions of authority. Such claims are not plausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). <u>Iqbal</u>, 129 S. Ct. 1937, 1948-49; <u>Abascal v. Jarkos</u>, 357 Fed. App'x 388, 390 (2d Cir. 2009) (affirming <u>sua sponte</u> dismissal pursuant to 1915(e)) (citing <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983" (internal quotation marks omitted)).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED and the Complaint is <u>sua sponte</u> dismissed. The Clerk of the Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S.

Ct. 917, 8 L. Ed. 2d 21 (1962).

                          SO ORDERED.


                          /s/ JOANNA SEYBERT
                          Joanna Seybert, U.S.D.J.

Dated:    June   22  , 2011
          Central Islip, New York